Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*
16 Briarbrook Road, Ossining, NY 10562
Phone (914) 330-1527 Email:*paulcist20@gmail.com*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**LANCELOT  SWABY,**

|  |  |
|---|---|
| **Plaintiff,** | **VERIFIED COMPLAINT** |
| | **AND JURY TRIAL DEMAND** |
| **-against-** | |
| | **INDEX NO. _____** |
| | **ASSIGNED JUDGE:_____** |
| **VASSAR  BROTHERS  MEDICAL  CENTER,** | |
| **Defendant.** | |

-------------------------------------------------------------x

Plaintiff Lancelot Swaby, by and through his attorney, Paul N. Cisternino, as and for his Verified Complaint, alleges as follows:


**INTRODUCTION**

1.  This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

2.  Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq*.,

and the New York State Human Rights Law, New York Executive Law §290 *et seq*.

3.   Plaintiff alleges herein that he was denied the equal terms, conditions and privileges of employment, subjected to discrimination based on race, color, and/or national origin, and also victimized by an unlawful termination.

## JURISDICTION AND VENUE

4.   The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5.   The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6.   Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights. The Plaintiff requested and received a written Dismissal from the Commission and the instant complaint has been filed within ninety days of the receipt thereof.

## PARTIES

7.   Plaintiff at all times relevant herein resided within the State of New York.

8.   Upon information and belief the Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq*.

## ALLEGATIONS

9.   Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. The  Plaintiff is a 56 year-old Jamaican male who had been employed by the Defendant since February 16, 2021, assigned to their Environmental Services Department with responsibilities which included, among other tasks, cleaning and disinfecting the hospital's Emergency Room.

11. Although the Plaintiff was technically hired as a part time employee, the majority of weeks he logged 40 or more hours.

12. During his  period  of  working  for  the Defendant  the Plaintiff has  always acted in a competent and professional manner, without time, attendance, disciplinary nor negative performance issues of any kind (except as to any such matters under dispute herein).

13. Upon information and belief, the Plaintiff believes he was subjected to various types of discrimination based on his race, color and/or national origin and also victimized by an unlawful termination.

14. During the relevant time period, Defendant's Department Manager was Kent Stimson (hereinafter "Stimson"), a white male; Stimson apparently had "issues" with the Plaintiff and the Defendant's other Jamaican and minority employees.

15. Stimson  often  treated  the  Plaintiff  differently  from  Defendant's  non-minority employees; for example, he intensely scrutinized the Plaintiff and was highly critical  of  his  work  while  he  ignored  bad  work  practices  and  other  violations  by Defendant's  non-minority  employees;  Stimson  also  often  addressed  the  Plaintiff  in  a

harsh and aggressive manner that he never used with non-minority employees; the workplace was also tainted in other ways by anti-Jamaican and anti-black animus.

16. When the Plaintiff started at the Defendant it was widely known, with Stimson in particular aware, that the Plaintiff needed the original work shift to which he was assigned to remain in place as he also had responsibilities at another job.

17. In or about July 2021 the Plaintiff was told that he would be assigned a work shift which would conflict with his other job; because, as previously stated, it was widely known that he could not change shifts, the Plaintiff believes this was pretext set up to facilitate his termination.

18. Although the Plaintiff sought to discuss the problems with this shift change, he was never given an opportunity to do so, nor was his original shift ever offered back to him; the Plaintiff was, in effect given an untenable ultimatum to which he could not comply, resulting directly in his dismissal.

19. It is the Plaintiff's belief that his termination was unlawful and discriminatory; he was never given an explanation or provided the opportunity to offer an explanation for what allegedly occurred, nor, to the Plaintiff's knowledge, was an investigation ever conducted by the Defendant into the circumstances surrounding his termination.

20. To the Plaintiff's knowledge, if the Defendant has a written anti-discrimination policy, they do not properly post it, distribute it or enforce, it nor do they utilize an employee handbook.

21. At the time of his termination, the Plaintiff was making approximately $38,000 per year; since being terminated, he has been unable to obtain replacement employment, despite his good faith efforts to do so.

**AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE/COLOR
UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT**

22. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "21" as though fully set forth herein.

23. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE/COLOR
UNDER NEW YORK EXECUTIVE LAW §290**

24. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" as though fully set forth herein.

25. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

**AS AND FOR A THIRD CAUSE OF ACTION BASED ON NATIONAL**
**ORIGIN UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT**

26. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

27. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

**AS AND FOR A FOURTH CAUSE OF ACTION BASED ON NATIONAL**
**ORIGIN UNDER NEW YORK EXECUTIVE LAW §290**

28. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" as though fully set forth herein.

29. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Lancelot Swaby respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial for all claims stated herein.

Dated:  Ossining, New York
        January 6, 2022

Respectfully submitted,

Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*

___*/S/ Paul N. Cisternino*_____
Paul N. Cisternino (PC-0317)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**          **INDEX NO. _____**

**LANCELOT  SWABY, Plaintiff**

**-against-**

**VASSAR  BROTHERS  MEDICAL  CENTER,  Defendant**

**VERIFIED COMPLAINT AND**

**JURY TRIAL DEMAND**

**Law Office of Paul N. Cisternino, P.C.**
**16  Briarbrook Road**
**Ossining, New York 10562**
**Tel: (914) 330-1527**
*paulcist20@gmail.com*

**- Litigation Back -**